# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No. 07-10221-02-MLB |
| ) | |
| TYRONE ANDREWS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This case comes before the court on the government's motion for reconsideration. (Doc. 132). On May 16, 2008 this court granted defendant's motion to suppress all evidence seized pursuant to a search warrant. (Doc. 122). The government has moved for reconsideration on the basis that evidence of an officer's good faith belief is not required. In pertinent part, the court's order stated the following:

> In the absence of evidence regarding the officer(s) belief, the court finds that a reasonable officer could not reasonably believe that the warrant was a valid section 3103a warrant. The warrant clearly authorized the seizure of items and also did not set forth the statutory reasons for delay. The warrant is facially deficient and any evidence that was seized from the search must be suppressed.

(Doc. 122 at 12).

It is important to note that the government has not challenged the court's determination that the warrant failed to comply with two of the three statutory requirements. Rather, the government acknowledges that it "bears the burden of proving that its agents' reliance upon the warrant was objectively reasonable," United States

v. Beck, No. 04-4210, 2005 WL 1649310, *4 (10th Cir. July 14, 2005)(quoting United States v. Cook, 854 F.2d 371, 373 (10th Cir. 1988)), but then only asserts that the officers should be able to rely on a warrant signed by a magistrate. If that was the standard, no search warrant executed by a magistrate would be subject to suppression.

As the court has previously explained, Leon stands for the proposition that evidence seized following a search warrant should not be suppressed unless one of four situations apply. In this case, the court found that the fourth situation did apply, i.e. the warrant is so facially deficient that the executing officer could not reasonably believe it was valid. (Doc. 122 at 12).

The government has not met its burden in establishing that an officer could reasonably believe that this warrant was a valid section 3103a warrant. The government has not provided any testimony or authority that would show that a reasonable officer would believe a warrant that lacks statutory requirements is valid. The warrant was clearly deficient in that it gave authority for the officer to seize tangible items and it did not set forth the reasons for the delay of notification.

The government's motion for reconsideration is denied. (Doc. 132).

IT IS SO ORDERED.

Dated this ___4th___ day of June 2008, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE
