**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No. 07-10221-02-MLB |
| | ) | |
| TYRONE ANDREWS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on several pretrial motions filed by defendant. (Docs. 538, 539, 584, 585, 586, 587, 615, 616, 617, 618). The motions have been fully briefed and are ripe for decision. (Docs. 622, 624, 625, 626, 627, 628, 630, 631, 632, 633). To the extent that it can, the court will now rule on the motions.

**A. Motion in Limine to Preclude Pyramiding of Inferences (Doc. 538)**

Defendant moves for an order in limine precluding the government from making inferences based on terms used in phone calls obtained by a wiretap. The government responds that it intends to abide by the rules of evidence and that it cannot respond until defendant specifically identifies the evidence he seeks to exclude.

As the court is unable to identify the evidence defendant seeks to exclude at this time, defendant's motion is denied. (Doc. 538).

**B. Motion in Limine to Preclude the Evidence of the Gun (Doc. 539)**

Defendant moves to exclude the gun discovered in the trunk of his vehicle when he was stopped and arrested on the basis that the government has failed to establish that the gun was used in relation to a drug trafficking crime. The government responds that it intends

to offer evidence to support the crime charged in the indictment. Previously, defendant moved for, and the court denied, dismissal of the firearm charge. (Doc. 485). At this time, the evidence of the gun is relevant to the crimes charged. The government is not required to disclose how she will present her case to the jury.

Defendant's motion is denied. (Doc. 539).

**C.   Defendant's Rule 404(b) Objection (Doc. 584)**

Defendant objects to the government's introduction of evidence that he sold cocaine in 1992. The government responds that it will not seek to introduce this evidence. Therefore, this issue is moot.

Defendant also objects to evidence from cooperators/witnesses regarding their drug dealings with defendant. The government responds that this evidence goes directly to the charges in the indictment. Therefore, this evidence is not Rule 404(b) evidence and is admissible.

**D.   Motion in Limine Regarding Defendant's Thoughts (Doc. 585)**

Defendant moves for the preclusion of any testimony concluding what defendant or any other individual was thinking. The government responds that she intends to comply with the Rules of Evidence. The court has confidence that all counsel will comply with the Rules of Evidence. Nevertheless, if defense counsel believes that a government witness is testifying about defendant's "thoughts" in violation of the rules, the court will hear and rule upon his objection.

Defendant's motion is denied. (Doc. 585).

**E.   Motion in Limine Regarding Ebony Henry (Doc. 586)**

The court, as well as the government, is unclear about the

supposed negative inference to Ebony Henry in the call.[1]  The
government asserts the content of the call is direct evidence of count
9.  At this time, defendant's motion is denied.  (Doc. 586).

**F.    Motion in Limine Regarding Dog Fights (Doc. 587)**

Defendant moves for an order excluding any phone calls which could relate to dog fights.  Defendant does not specify the calls which are the subject of his motion.  The government cannot respond because it is unsure of the calls which supposedly reference dog fights.

Defendant's motion is denied, without prejudice. (Doc. 587).

**G.    Motion to Dismiss (Doc. 615)**

Defendant moves to dismiss the third superceding indictment on the basis that his right to a speedy trial has been violated. Defendant claims that since his initial appearance before the court on December 21, 2007, he has remained in custody for a length of time beyond that proscribed by the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

"The Speedy Trial Act [in 18 U.S.C. § 3161] requires that the trial of a criminal defendant commence within seventy days of the filing of the indictment, or from the date that the defendant first appears before a judicial officer, whichever is later." United States v. Gomez, 67 F.3d 1515, 1519 (10th Cir. 1995); see also United States v. Lugo, 170 F.3d 996, 1001 (10th Cir. 1999).  This rule is subject to multiple exceptions rendering excludable any time required to determine defendant's mental competency, to adjudicate defendant's

---

[1] At this time, the court does not have the transcript of the call and is relying on the excerpts from the government's response.

pretrial motions, or to transport defendant to a place of examination except when delays in transportation exceed ten days. See 18 U.S.C. § 3161(h) (listing excludable delay). Defendant's remedy for a violation of § 3161 requires dismissal of the indictment, with or without prejudice. See 18 U.S.C. § 3162(a)(2) (stating that a violation requires dismissal and noting factors to aid the court in determining whether to dismiss with or without prejudice); see also United States v. Jones, 213 F.3d 1253, 1256 (10th Cir. 2000) (affirming the district court's dismissal of the indictment without prejudice after a violation of the Speedy Trial Act).

To determine whether defendant's length of time in custody violated his rights under § 3161, the court must first decide when the seventy-day clock began to tick. Defendant was initially indicted on December 19, 2007. Defendant's initial appearance occurred on December 21. The relevant time period for analysis under § 3161 begins when an indictment is filed, or when the defendant first appears before a judicial officer, whichever is later. See 18 U.S.C. § 3161(c)(1). At that time, however, the government moved for an order of detention. "[D]elay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on . . . such motion" is excludable. 18 U.S.C. § 3161(h)(1)(F). The court then issued the order detaining defendant on December 24. The government argues that the nonexcludable days should not begin on December 24 because the indictment originally charged nine defendants and the last defendant did not appear for his arraignment until January 11, 2008.

The relevant part of 18 U.S.C. § 3161 reads in full:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> (7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

The Tenth Circuit has instructed that "[t]he question in examining an exclusion under § 3161(h)(7) is whether the delay attributable to the codefendant is "'reasonable.'" United States v. Vogl, 374 F.3d 976, 983-84 (10th Cir. 2004). To make this determination, the district court must examine all relevant circumstances, which include: "(1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." Id. at 984.

While defendant is not free on bond, he has failed to zealously pursue a speedy trial. Defendant has not moved for severance from his codefendants, but has merely filed this motion. See United States v. Tranakos, 911 F.2d 1422, 1426 (10th Cir. 1990). Moreover, over the two years this case has been docketed, defendant has moved for continuances, filled extensive motions and joined in co-defendant motions. In reviewing the third factor, the inquiry is heavily factual. Vogl, 374 F.3d at 984. The Tenth Circuit has instructed that the court must consider whether "the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses." Id.

-5-

This case initially was comprised of nine defendants and a total of forty-seven counts. The superceding indictment alleged that defendant was the organizer of a criminal conspiracy to distribute cocaine. (Doc. 17). Defendant was the leading member of the conspiracy and was charged in the majority of the counts. In the second superceding indictment, defendant was alleged to have been the primary member of a conspiracy involving fifteen co-defendants. The court firmly believed that it was in the best interests to have a trial with all defendants. The court adhered to a strict schedule and motion deadlines. Ultimately, the second superceding indictment was dismissed and a third superceding indictment was filed with only two defendants. The court concludes that attributing the exclusable time of the original co-defendants to defendant is reasonable under section 3161(h)(7).

On February 7, defendant moved to continue the pretrial motions and trial date. The filing of the motion stopped the clock for speedy trial purposes. See Henderson v. United States, 476 U.S. 321, 330 (1986) ("Congress intended . . . to exclude from the Speedy Trial Act's 70-day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'") The court granted the motion and set the trial date for May 6. Accordingly, the total amount of nonexcludable days from the last appearance until the motion for continuance was twenty-six (26). On May 2, the government filed a motion for a James hearing. The court did not ultimately rule on the motion and instead dismissed the indictment on June 10, 2008. Defendant was released from custody.

The government then filed a notice of appeal. The government appealed a suppression order pertaining to one of the co-defendants. After receiving the mandate from the Tenth Circuit, the government filed the second superceding indictment on May 13, 2009. That same date, a co-defendant moved to designate the case as complex. On June 22, defense counsel attended a hearing regarding the motion to designate the case as complex. At that time, there were multiple motions pending before the court. All defense counsel, including defendant's attorney, agreed with the court's decision to designate the case as complex. On June 26, defendant appeared before the magistrate. Defendant also filed multiple motions on August 14. Due to the designation of this case as complex and the numerous motions that were pending before the court on behalf of co-defendants, the time from June 26 to August 14 was excludable. The court ultimately ruled on Andrews' last motion on October 29. The government then moved to dismiss the indictment on October 30. The second superceding indictment was dismissed on November 4. Due to the granting of the motion to designate the case as complex, there were not any nonexcludable days during the time that the second superceding indictment was in effect.

The government then filed a third superceding indictment against defendant and one other co-defendant on November 10. Defendant appeared on November 12 and the government moved for detention. The order of detention was issued on December 1. Defendant moved for dismissal on December 4. Therefore, the only nonexcludable days during this period was two. Currently, the excludable clock is running as both defendant and the government filed pretrial motions.

The court concludes that there have only been twenty-eight nonexcludable days since the filing of the initial superceding indictment. Defendant's motion to dismiss (Doc. 107) is therefore denied. (Doc. 615).

**H.    Motion Seeking Review of Detention Order (Doc. 616)**

Defendant filed a motion seeking review of the magistrate's order of detention. Defendant is charged in an 88-count third superseding indictment with conspiracy to distribute 5 kilograms or more of cocaine, additional counts relating to distribution of cocaine, distribution of crack cocaine, use of a telephone in connection with the conspiracy charge and carrying a firearm in furtherance of drug trafficking. By her order of November 30, 2009, U.S. Chief Magistrate Judge Karen M. Humphreys detained defendant. Because defendant does not dispute Magistrate Judge Humphreys' findings, the contents of her order of detention are incorporated herein.

By statute, 18 U.S.C. § 3145(b), a defendant may seek review in the district court of a magistrate judge's detention order. The district court conducts a de novo review of the magistrate judge's order of detention. United States v. Cisneros, 328 F.3d 610, 616 (10th Cir. 2003). The district court must make an "independent determination of the proper pretrial detention or conditions for release." Id. (citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992)).

While "de novo review does not require a de novo evidentiary hearing," this court gave defendant the opportunity to present evidence. United States v. Walters, 89 F. Supp.2d 1217, 1219-21 (D. Kan. 2000)(citing cases). Defendant chose not to present evidence to

-8-

rebut the presumption found by Magistrate Judge Humphreys. See United States v. Stricklin, 932 F.2d 1353-55 (10th Cir. 1991) and United States v. Miller, 625 Fed. Supp. 513, 519 (D. Kan. 1985). Based on the statements of counsel for the government, which were not contested by defendant's counsel, and the evidence presented to the court during various hearings that have been held, the weight of the evidence against defendant is considerable, perhaps even overwhelming. Furthermore, because of defendant's recent history of evasive conduct, the court finds that he is a flight risk.

Defendant's motion for release pending trial is denied. (Doc. 616).

**I. Motion in Limine to Exclude Expert Testimony (Doc. 617)[2]**

Defendant moves for an order prohibiting the government's experts from testifying on the basis that the government did not provide defendant with a proper disclosure as required by Fed. R. Crim. P. 16. In the alternative, defendant seeks that the government provide him with a proper disclosure. Defendant has not specifically identified the deficiencies in the government's disclosure. The court has reviewed the government's disclosures set forth in its response.

"A Rule 16 disclosure must contain only 'a written summary of any testimony' and 'describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.' Fed. R. Crim. P. 16(b)(1)(C)." United States v. Nacchio, 519 F.3d 1140 (10th Cir. 2008). After reviewing the government's disclosures, the court finds that it has acted in accordance with Rule 16.

---

[2] Defendant does not make a Daubert challenge.

Defendant's motion is denied.  (Doc. 617).

**J.   Motion to Withdraw (Doc. 618)**

Defendant's counsel moves to withdraw on the basis that his representation of defendant may conflict with his representation of Troy Langston in Case No. 07-10142-JTM.  The court held a hearing on December 14 to discuss this motion.  The court determined that if a conflict existed, defense counsel could move to withdraw on the Langston case as it is set for trial after defendant's case.

Therefore, defense counsel's motion to withdraw is denied. (Doc. 618).


IT IS SO ORDERED.

Dated this ___21st___ day of December 2009, at Wichita, Kansas.

> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE