IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**

UNITED STATES OF AMERICA,           )
                                    )       JAN 1 4 2010
        Plaintiff,                  )       Clerk, U.S. District Court
                                    )       By _____ Deputy Clerk
    v.                              )       No. 07-10221-02-MLB
                                    )
TYRONE ANDREWS,                     )
                                    )
        Defendant.                  )

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Debra L.

Barnett, and Tyrone Andrews, the defendant, personally and by and through defendant's counsel,

Lee Woodard, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal

Rules of Criminal Procedure:

**1.    Defendant's Guilty Plea.**    The defendant agrees to plead guilty to the following

charges alleged in the Third Superseding Indictment (Doc. 595):

> Count 1, charging a violation of Title 21, United States Code, Section
> 846, that is, conspiracy to distribute five kilograms or more of a
> substance or mixture containing a detectable amount of cocaine, a
> controlled substance. The mandatory minimum sentence which shall
> be imposed as to Count 1 to which the defendant has agreed to plead
> guilty is not less than 10 years, nor more than life imprisonment, a
> fine not to exceed $4,000,000.00, five years of supervised release, no
> restitution and a $100.00 mandatory special assessment.
>
> Counts 7-9, 11-17, 19-20, 22-24, 26-31, 33-35, 37-42, 44-49, 51-52,
> 54-55, 57-58, 60-61, 63-66, 68-71, 73-77, 79-85, charging violations
> of Title 21, United States Code, Section 843(b), that is, use of a
> communications device to distribute or conspire to distribute
> controlled substances.   The maximum sentence which may be
> imposed as to these counts to which the defendant has agreed to plead
> guilty is not more than four years of imprisonment, not more than a

$250,000.00 fine, three years of supervised release, no restitution and a $100.00 mandatory special assessment per count of conviction.

Counts 3, 5, 10, 18, 21, 25, 32, 36, 43, 50, 53, 56, 59, 62, 67, 72 and 78, charging violations of Title 21, United States Code, Section 841(a), that is, distribution of controlled substances. The maximum sentence which may be imposed as to these counts to which the defendant has agreed to plead guilty is not more than 20 years of imprisonment, not more than a $1,000,000.00 fine, three years of supervised release, no restitution and a $100.00 mandatory special assessment per count of conviction.

Counts 4 and 6 charging a violation of Title 21, United States Code, Section 841(a), that is, distribution of a controlled substance. The mandatory minimum sentence which shall be imposed as to Counts 4 and 6 to which the defendant has agreed to plead guilty is not less than 5 years, nor more than 40 years imprisonment, a fine not to exceed $2,000,000.00, four years of supervised release, no restitution and a $100.00 mandatory special assessment per count of conviction.

Count 86 charging a violation of Title 21, United States Code, Section 841(a), that is, possession with intent to distribute controlled substances. The mandatory minimum sentence which shall be imposed as to Count 86 to which the defendant has agreed to plead guilty is not less than 10 years, nor more than life imprisonment, not more than a $4,000,000.00 fine, five years of supervised release, no restitution and a $100.00 mandatory special assessment.

Count 88 charging a violation of Title 21, United States Code, Section 856, that is, maintaining a house for the purpose of distributing controlled substances. The maximum sentence which may be imposed as to Count 88 to which the defendant has agreed to plead guilty is not more than 20 years imprisonment, not more than a $500,000.00 fine, three years supervised release, no restitution and a $100.00 mandatory special assessment.

By entering into this Plea Agreement, the defendant admits to knowingly committing these offenses,

and to being guilty of all of these offenses. The defendant understands the possible sentences that

may be imposed by the Court, as well as the mandatory minimum sentences which apply to his case.

2

The United States agrees at the time of sentencing that it will move for the dismissal of Counts 2 and

87 in the Third Superseding Indictment (Doc. 595).

    **2.**    **Factual Basis for the Guilty Plea.**    The parties agree the facts constituting the

offense to which the defendant is pleading guilty are as follows:

> **Count 1**: The defendant, Tyrone Andrews, admits that he has sold
> drugs in the Wichita, Kansas, off and on for a number of years. Most
> recently, the defendant has consistently been selling drugs since 2002
> or 2003. During the two years before his arrest on September 23,
> 2007, the defendant was supplied by co-defendants Jose Pizana and
> Jesus Valencia Abarca. The defendant admits that he met defendant
> Abarca through co-defendant James Black sometime around 2001 to
> 2002, but did not have contact with him again until sometime around
> 2004. The defendant admits that he met defendant Pizana through
> co-defendant Black's brother, Dexter Black, sometime around 2005.
>
> The defendant admits that for the approximately two and one half
> years prior to his arrest, defendant Abarca would deliver
> approximately five kilograms of cocaine to defendant Andrews per
> week. These drugs were fronted to the defendant who would sell the
> cocaine, then pay for it the following week when defendant Abarca
> would make the next delivery.
>
> Defendant Andrews admits that he would pay approximately
> $17,000.00 per kilogram for the cocaine and resell it for
> approximately $18,000.00. However, when defendant Andrews met
> co-defendant Pizana he started buying cocaine from defendant Pizana
> because he (Pizana) sold it for less (approximately $15,000.00 per
> kilo).
>
> Defendant Andrews admits that he would break the cocaine down
> into smaller amounts from the kilograms to whatever his customers
> wanted. (The defendant further admits that he generally sold cocaine
> to other distributors, not end users.) In addition, he admitted that he
> would make crack cocaine for some of his customers, like co-
> defendant Miguel McPhaul. Andrews admitted that McPhaul would
> pay $12,000.00 per half kilo for crack cocaine. Andrews further
> admitted that co-defendant Ricky Henry was only getting powder
> cocaine from him (Andrews).

Andrews identified co-defendant Kevin Gunter as a "kilo" customer. The defendant admits that the other customers would pool their money together in order to buy a kilogram of cocaine from him.

Andrews further stated that he ordered and received approximately 260 kilograms of cocaine from defendant Abarca and Abarca's brother over the time period of 2001 through the current time period. Defendant Andrews said that he ordered and received approximately five kilograms of cocaine, approximately every week since 2005 from defendant Pizana.

Consequently, the defendant admits that he agreed with more than one person to distribute five kilograms and more of cocaine in Kansas, and that he did this with others so that he and these other people could make money through this illegal activity.

**Counts 3 and 5**: On June 23, 2007, and June 27, 2007, in the District of Kansas, the defendant sold cocaine to an informant working with the Wichita Police Department. The informant made recorded phone calls to the defendant and ordered the cocaine. The informant used the same type of coded terminology to order the cocaine from the defendant that law enforcement officers heard in the discussions between the defendant and his co-defendants on the wire taps.

These events occurred in Kansas.

**Count 4**: On June 25, 2007, in Wichita, Kansas, officers with the Sedgwick County Sheriff's Office and the Wichita Police Department were conducting surveillance on defendant Andrews' drug stash house located at 1821 S. Ridgewood in Wichita, Kansas. Andrews admits that on this occasion he took two kilograms of cocaine to the apartment of co-defendant, Kevin Gunter. Andrews delivered the cocaine to Gunter. Both men then left the apartment together and went their separate ways.

The defendant learned later that Gunter delivered the cocaine to co-defendant Isaac Woods who was stopped and arrested by the police with the cocaine.

These events occurred in Kansas.

4

**Count 6**: On July 10, 2007, the defendant sold approximately two kilograms of cocaine to another person at 1821 S. Ridgewood in Wichita, Kansas.

**Count 7 through 10**: On September 6, 2007, the defendant used his cell phone (316-259-0717) to talk with Miguel McPhaul (316-806-5515), Timothy Collins (316-312-8616) and Ricky Henry (316-390-6452) on their phones about the distribution of cocaine.   The conversations between the men (as designated below) concerned the desires of McPhaul, Collins and Henry to buy cocaine from the defendant. The calls involved discussing the purchase and/or delivery of cocaine in coded terms that the men understood.  These calls occurred in Kansas.

| Count | Caller | Recipient Defendant | Call No. |
|-------|--------|---------------------|----------|
| 7 | 316-806-5515 | 316-259-0717 Tyrone Andrews | 4 |
| 8 | 316-312-8616 | 316-259-0717 Tyrone Andrews | 13 |
| 9 | 316-390-6452 | 316-259-0717 Tyrone Andrews | 14 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

**Counts 11 through 18**: On September 7, 2007, the defendant used his cell phones (316-259-0717 and 316-641-1719) to talk with Timothy Collins (316-312-8616), Jose Pizana (316-806-6948), Dornell Johnson (316-208-5551) and Cornell Beard (316-209-3399) on their phones about the distribution of cocaine. The conversations between the men (as designated below) concerned the desires of Collins, Johnson and Beard to buy cocaine from the defendant. The conversation between the defendant and Pizana concerned the defendant's desire to buy cocaine from Pizana. The calls involved discussing the purchase and/or delivery of cocaine in coded terms that the men understood.  The calls occurred in Kansas.

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|------------------|---------------------|----------|
| 11 | 316-259-0717 Tyrone Andrews | 316-312-8616 | 31 |
| 12 | 316-806-6948 Jose Pizana | 316-641-1719 Tyrone Andrews | 35 |
| 13 | 316-259-0717 Tyrone Andrews | 316-312-8616 | 42 |
| 14 | 316-312-8616 | 316-259-0717 Tyrone Andrews | 53 |
| 15 | 316-259-0717 Tyrone Andrews | 316-208-5551 | 55 |
| 16 | 316-209-3399 | 316-641-1719 Tyrone Andrews | 59 |
| 17 | 316-641-1719 Tyrone Andrews | 316-209-3399 | 69 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

**Counts 19 through 21**: On September 9, 2007, the defendant used his cell phone (316-259-0717) to talk with Dornell Johnson (316-208-5551) and Ricky Henry (316-201-5321) on their phones. The conversations between the men (as designated below) concerned the desires of Johnson and Henry to buy cocaine from the defendant. The calls involved discussing the purchase and/or delivery of cocaine in coded terms the men understood. The calls occurred in Kansas.

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|------------------|---------------------|----------|
| 19 | 316-208-5551 | 316-259-0717 Tyrone Andrews | 79 |

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|------------------|---------------------|----------|
| 20 | 316-259-0717 Tyrone Andrews | 316-201-5321 | 80 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

**Counts 22 through 25**: On September 10, 2007, the defendant used his cell phone (316-259-0717) to talk with Miguel McPhaul (316-806-5515) and Dornell Johnson (316-208-5551) on their phones. The conversations between the men (as designated below) concerned the desires of McPhaul and Johnson to buy cocaine from the defendant. The calls involved discussing the purchase and/or delivery of cocaine in coded terms the men understood. The calls occurred in Kansas.

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|------------------|---------------------|----------|
| 22 | 316-806-5515 | 316-259-0717 Tyrone Andrews | 101 |
| 23 | 316-259-0717 Tyrone Andrews | 316-208-5551 | 103 |
| 24 | 316-806-5515 | 316-259-0717 Tyrone Andrews | 108 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

**Counts 26 through 32**: On September 11, 2007, the defendant used his cell phones (316-259-0717 and 316-641-1719) to talk with Jose Pizana (316-806-6948), James Black (316-708-9609), Steven Rich (316-209-3097), Clerance Reed (316-371-7010) and Timothy Collins (316-312-8616) on their phones. The conversations between the men (as designated below) concerned the desires of Black, Rich, Reed and Collins to buy cocaine from the defendant. The conversation between the defendant and Pizana concerned the defendant's desire to buy cocaine from Pizana. The calls involved discussing the purchase and/or delivery of cocaine in coded terms the men understood. The calls occurred in Kansas.

7

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|------------------|---------------------|----------|
| 26 | 316-259-0717 Tyrone Andrews | 316-806-6948 Jose Pizana | 118 |
| 27 | 316-259-0717 Tyrone Andrews | 316-708-9609 | 121 |
| 28 | 316-209-3097 | 316-641-1719 Tyrone Andrews | 227 |
| 29 | 316-259-0717 Tyrone Andrews | 316-371-7010 | 125 |
| 30 | 316-312-8616 | 316-259-0717 Tyrone Andrews | 126 |
| 31 | 316-312-8616 | 316-259-0717 Tyrone Andrews | 136 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

**Counts 33 through 36**: On September 12, 2007, the defendant used his cell phone (316-259-0717) to talk with Michael Biglow (316-644-4504), Timothy Collins (316-312-8616) and Jose Pizana (316-806-6948) on their phones. The conversations between the men (as designated below) concerned the desires of Biglow and Collins to buy cocaine from the defendant. The conversation between the defendant and Pizana concerned the defendant's desire to buy cocaine from Pizana. The calls involved discussing the purchase and/or delivery of cocaine in coded terms the men understood. The calls occurred in Kansas.

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|------------------|---------------------|----------|
| 33 | 316-644-4504 | 316-259-0717 Tyrone Andrews | 163 |
| 34 | 316-312-8616 | 316-259-0717 Tyrone Andrews | 164 |
| 35 | 316-259-0717 Tyrone Andrews | 316-806-6948 Jose Pizana | 170 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

**Count 37 through 43**: On September 13, 2007, the defendant used his cell phones (316-259-0717 and 316-641-1719) to talk with Miguel McPhaul (316-806-5515), Jose Pizana (316-806-6948), Jerry Newton (316-807-3914), Dornell Johnson (316-208-5551) and Michael Biglow (316-644-4504) on their phones. The conversations between the men (as designated below) concerned the desires of McPhaul, Newton, Johnson and Biglow to buy cocaine from the defendant. The conversation between the defendant and Pizana concerned the defendant's desire to buy cocaine from Pizana. The calls involved discussing the purchase and/or delivery of cocaine in coded terms the men understood. The calls occurred in Kansas.

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|-----------------|---------------------|----------|
| 37 | 316-806-5515 | 316-259-0717 Tyrone Andrews | 183 |
| 38 | 316-259-0717 Tyrone Andrews | 316-806-6948 Jose Pizana | 184 |
| 39 | 316-807-3914 | 316-259-0717 Tyrone Andrews | 185 |
| 40 | 316-208-5551 | 316-259-0717 Tyrone Andrews | 186 |
| 41 | 316-644-4504 | 316-259-0717 Tyrone Andrews | 196 |
| 42 | 316-806-6948 Jose Pizana | 316-641-1719 Tyrone Andrews | 337 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

**Counts 44 through 50**: On September 14, 2007, the defendant used his cell phones (316-259-0717 and 316-641-1719) to talk with Jose Pizana (316-806-6948), Miguel McPhaul (316-806-5515), Robert Dear (316-253-9478) and James Black (316-708-9609) on their phones. The conversations between the men (as designated below) concerned the desires of McPhaul, Dear and Black to buy cocaine

9

from the defendant.  The conversation between the defendant and
Pizana concerned the defendant's desire to buy cocaine from Pizana.
The calls involved discussing the purchase and/or delivery of cocaine
in coded terms the men understood.  The calls occurred in Kansas.

| Count | Caller Defendant | Recipient Defendant | Call No. |
|---|---|---|---|
| 44 | 316-259-0717 Tyrone Andrews | 316-806-6948 Jose Pizana | 204 |
| 45 | 316-806-5515 | 316-259-0717 Tyrone Andrews | 208 |
| 46 | 316-253-9478 | 316-641-1719 Tyrone Andrews | 393 |
| 47 | 316-708-9609 | 316-259-0717 Tyrone Andrews | 227 |
| 48 | 316-253-9478 | 316-641-1719 Tyrone Andrews | 401 |
| 49 | 316-259-0717 Tyrone Andrews | 316-806-6948 Jose Pizana | 232 |

On this same date, the defendant delivered cocaine to others that were
buying it from him in Wichita, Kansas.

**Counts 51 through 53**:  On September 15, 2007, the defendant used
his cell phones (316-259-0717) to talk with Ricky Henry (316-390-
6452) and Timothy Collins (316-312-8616) on their phones.  The
conversations between the men (as designated below) concerned the
desires of Henry and Collins to buy cocaine from the defendant.  The
calls involved discussing the purchase and/or delivery of cocaine in
coded terms the men understood.  The calls occurred in Kansas.

| Count | Caller Defendant | Recipient Defendant | Call No. |
|---|---|---|---|
| 51 | 316-390-6452 | 316-259-0717 Tyrone Andrews | 257 |
| 52 | 316-312-8616 | 316-259-0717 Tyrone Andrews | 263 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

**Counts 54 through 56**: On September 16, 2007, the defendant used his cell phones (316-259-0717 and 316-641-1719) to talk with Robert Dear (316-253-9478) and Miguel McPhaul (316-806-5515) on their phones. The conversations between the men (as designated below) concerned the desires of Collins, Johnson and Beard to buy cocaine from the defendant. The calls involved discussing the purchase and/or delivery of cocaine in coded terms the men understood. The calls occurred in Kansas.

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|------------------|---------------------|----------|
| 54 | 316-253-9478 | 316-641-1719 Tyrone Andrews | 526 |
| 55 | 316-806-5515 | 316-259-0717 Tyrone Andrews | 270 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

**Counts 57 through 59**: On September 17, 2007, the defendant used his cell phones (316-259-0717 and 316-641-1719) to talk with Clifton Parks (321-331-5496) and Ricky Henry (316-201-5321) on their phones. The conversations between the men (as designated below) concerned the desires of Parks and Henry to buy cocaine from the defendant. The calls involved discussing the purchase and/or delivery of cocaine in coded terms the men understood. The calls occurred in Kansas.

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|------------------|---------------------|----------|
| 57 | 321-331-5496 | 316-641-1719 Tyrone Andrews | 575 |
| 58 | 316-259-0717 Tyrone Andrews | 316-201-5321 | 287 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

11

**Counts 60 through 62**: On September 18, 2007, the defendant used his cell phone (316-259-0717) to talk with Gregory Reynolds (316-312-9186) and Timothy Collins (316-312-8616) on their phones. The conversations between the men (as designated below) concerned the desires of Reynolds and Collins to buy cocaine from the defendant. The calls involved discussing the purchase and/or delivery of cocaine in coded terms the men understood.   The calls occurred in Kansas.

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|------------------|---------------------|----------|
| 60 | 316-312-9186 | 316-259-0717 Tyrone Andrews | 334 |
| 61 | 316-259-0717 Tyrone Andrews | 316-312-8616 | 335 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

**Counts 63 through 67**:  On September 19, 2007, the defendant used his cell phone (316-259-0717) to talk with Miguel McPhaul (316-806-5515) and Clerance Reed (316-371-7010) on their phones. The conversations between the men (as designated below) concerned the desires of McPhaul and Reed to buy cocaine from the defendant. The calls involved discussing the purchase and/or delivery of cocaine in coded terms the men understood.   The calls occurred in Kansas.

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|------------------|---------------------|----------|
| 63 | 316-806-5515 | 316-259-0717 Tyrone Andrews | 351 |
| 64 | 316-259-0717 Tyrone Andrews | 316-806-5515 | 355 |
| 65 | 316-371-7010 | 316-259-0717 Tyrone Andrews | 371 |
| 66 | 316-371-7010 | 316-259-0717 Tyrone Andrews | 380 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

**Counts 68 through 72**:  On September 20, 2007, the defendant used his cell phones (316-259-0717 and 316-641-1719) to talk with Gregory Reynolds (316-312-9186), Clerance Reed (316-371-7010), Cornell Beard (316-209-3399) and Clifton Parks (316-331-5496) on their phones.  The conversations between the men (as designated below) concerned the desires of Reynolds, Reed, Beard and Parks to buy cocaine from the defendant. The calls involved discussing the purchase and/or delivery of cocaine in coded terms the men understood.  The calls occurred in Kansas.

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|------------------|---------------------|----------|
| 68 | 316-641-1719 Tyrone Andrews | 316-312-9186 | 724 |
| 69 | 316-259-0717 Tyrone Andrews | 316-371-7010 | 392 |
| 70 | 316-209-3399 | 316-641-1719 Tyrone Andrews | 757 |
| 71 | 316-641-1719 Tyrone Andrews | 321-331-5496 | 767 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

**Counts 73 through 78**:  On September 21, 2007, the defendant used his cell phone (316-259-0717) to talk with Michael Biglow (316-644-4504), Dornell Johnson (316-208-5551),  Ricky Henry (316-390-6452), and Timothy Collins (316-312-8616) on their phones.  The conversations between the men (as designated below) concerned the desires of Biglow, Johnson, Henry and Collins to buy cocaine from the defendant.  The calls involved discussing the purchase and/or delivery of cocaine in coded terms the men understood.  The calls occurred in Kansas.

13

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|------------------|---------------------|----------|
| 73 | 316-644-4504 | 316-259-0717 Tyrone Andrews | 419 |
| 74 | 316-259-0717 Tyrone Andrews | 316-208-5551 | 425 |
| 75 | 316-312-8616 | 316-259-0717 Tyrone Andrews | 427 |
| 76 | 316-390-6452 | 316-259-0717 Tyrone Andrews | 434 |
| 77 | 316-259-0717 Tyrone Andrews | 316-312-8616 | 445 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

**Counts 79 through 85**: On September 22, 2007, the defendant used his cell phones (316-259-0717 and 316-641-1719) to talk with Miguel McPhaul (316-806-5515), Timothy Collins (316-312-8616), Jose Pizana (316-806-6948), Clerance Reed (316-371-7010), and Dornell Johnson (316-208-5551) on their phones. The conversations between the men (as designated below) concerned the desires of McPhaul, Collins, Johnson and Reed to buy cocaine from the defendant. The conversation between the defendant and Pizana concerned the defendant's desire to buy cocaine from Pizana. The calls involved discussing the purchase and/or delivery of cocaine in coded terms the men understood. The calls occurred in Kansas.

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|------------------|---------------------|----------|
| 79 | 316-806-5515 | 316-259-0717 Tyrone Andrews | 461 |
| 80 | 316-259-0717 Tyrone Andrews | 316-312-8616 | 463 |
| 81 | 316-806-6948 Jose Pizana | 316-259-0717 Tyrone Andrews | 910 |

| Count | Caller Defendant | Recipient Defendant | Call No. |
|-------|------------------|---------------------|----------|
| 82 | 316-371-7010 | 316-259-0717 Tyrone Andrews | 470 |
| 83 | 316-259-0717 Tyrone Andrews | 316-312-8616 | 476 |
| 84 | 316-259-0717 Tyrone Andrews | 316-208-5551 | 479 |
| 85 | 316-371-7010 | 316-641-1719 Tyrone Andrews | 930 |

On this same date, the defendant delivered cocaine to others that were buying it from him in Wichita, Kansas.

**Count 86**: On September 22, 2007, the defendant talked on his cell phones to several of his drug customers as outlined in the preceding paragraphs. The defendant made arrangements with his customers to sell them cocaine and crack cocaine. Consequently, on September 22, 2007, the defendant cooked up the crack cocaine and packaged it, along with the cocaine powder in his home at 1821 S. Ridgewood, Wichita, Kansas. The defendant then loaded the drugs into his car and took off on his delivery route.

As the defendant was proceeding to the first delivery location (on Spruce Street where Clerance Reed was waiting), the defendant was stopped by Det. Brian Martin with the Wichita Police Department. Det. Martin asked the defendant to step out of the defendant's car. The defendant refused, pulled the car door shut and took off, leading Det. Martin and other officers on a chase through neighborhood streets.

When the defendant turned north on Spruce he threw a backpack out of his car that held the cocaine powder and crack cocaine that he was attempting to deliver when stopped. The defendant believed that Clerance Reed would get it, and even attempted to contact Reed by cell phone to accomplish this. However, Det. Brian Martin retrieved the drugs.

When the defendant was eventually stopped, more cocaine was found in the car, along with a loaded gun in the trunk of the car. The

15

cocaine retrieved from the street by Det. Martin and found in the defendant's car was submitted for testing. It tested positive for the presence of cocaine base (crack) with a weight of approximately 516.42 grams. The remaining cocaine was cocaine powder with a weight of approximately 814.93 grams.

**Count 88**: The defendant admits that prior to September 22, 2007, he was buying the house located at 1821 S. Ridgewood, Wichita, Kansas. The defendant further admits that he used this house to accept delivery of cocaine that he sold, to cook up crack cocaine for resale, and to package crack cocaine and cocaine powder for delivery to others. The defendant also allowed some of the distributors he sold cocaine to into the Ridgewood house in order to pick up their cocaine.

The defendant admits that he knew that cocaine and crack cocaine were and are controlled substances. The defendant admits that he knew at all times that it was illegal to possess and to sell (distribute) cocaine and crack cocaine. The defendant admits that these activities occurred in the District of Kansas.

3.    **Application of the Sentencing Guidelines.**    The parties request that the United States Sentencing Guidelines (Guidelines) be used to calculate a sentencing range in this case for the Court's consideration; however, the parties would advise the Court that they have no agreement as to the sentencing recommendation in this case. The parties will make sentencing recommendations to the Court that each believes is appropriate under the facts and circumstances of this case and the defendant's personal characteristics.

4.    **Relevant Conduct.**    The defendant understands that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating an offense level for Counts 1, 3 through 86, inclusive, and 88, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5.    **Government's Agreements.**    In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

16

   a.  To not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment; and

   b.  To engage in negotiations with the defendant and defense counsel in an attempt to resolve the forfeiture allegations through a separate plea agreement within 45 days after the plea is entered in this case. If the forfeiture allegations, or any portion of the forfeiture allegations, cannot be resolved by agreement, the parties will promptly notify the Court and ask that the matter be set for resolution by the Court.

  The government's obligation concerning its agreements listed in ¶ 5 are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.

  In the event the Court finds the defendant has breached this plea agreement or otherwise failed to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to

the admissibility of any statements made by the defendant subsequent to this plea agreement.

**6.      Sentence to be Determined by the Court.**      The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

**7.      Information Provided by Defendant.**      The United States agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a government motion pursuant to Title 18, United States Code, Section 3553(e) and U.S.S.G. § 5K1.1 is warranted.

**8.      Identification of Assets & Agreement Concerning Monetary Penalties.**

a.      The defendant agrees to disclose to law enforcement officials the existence and status of all monies, property or assets, of any kind in which he has sole, joint or partial ownership or control OR was derived from or acquired as a result of, or used to facilitate the commission of the crimes charged. Furthermore, the defendant agrees to provide all of his financial information to the United States Attorneys Office at the same time that he provides such to the United States Probation Office as part of the presentence investigation procedure. Defendant

18

consents to the release of the information from the United States Probation Office to the United States Attorneys Office should he neglect to separately provide such information to the United States Attorneys Office. Moreover, defendant agrees, if requested by either the United States Attorneys Office or the United States Probation Office, to participate in a pre-sentencing debtor's examination, which may include the taking of information from the defendant under oath.

b.      The defendant further agrees to prevent the disbursement of any monies, property or assets derived from the crimes charged, or otherwise under his/her custody or control. If the defendant fails to comply with this provision the United States is relieved of its obligation to recommend a sentencing reduction for Acceptance of Responsibility pursuant to § 3E1.1, to file a 5K1.1 motion, or any other sentencing recommendations contained in this agreement.

c.      The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The defendant agrees to disclose to law enforcement officials the existence and status of all monies, property or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of the crimes charged. The defendant agrees to deliver to the United States of America, prior to sentencing, a completed financial statement identifying all of the defendant's

19

assets. The defendant further agrees to prevent the disbursement of any monies, property or assets derived from the crimes charged. If the defendant fails to comply with this provision the United States is relieved of its obligation to recommend a sentencing reduction for Acceptance of Responsibility pursuant to § 3E1.1 or any other sentencing recommendations contained in this agreement.

**9.** **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

**10.** **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The burden of establishing an inability to pay the required special assessment lies with the defendant.

**11.** **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255 [except as limited by United

20

States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, United States Code, Section 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, United States Code, Section 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, United States Code, Section 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

**12.**     **FOIA and Privacy Act Waiver.**     The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552 and the defendant waives any rights conferred under the Privacy Act of 1974, Title 5, United States Code, Section 552a to prevent or object to the disclosure of records or materials pertaining to this case.

**13.**     **Full Disclosure by United States.**     The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which

21

the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**14.    Parties to the Agreement.**    The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**15.    No Other Agreements.**    The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is

guilty and is doing so freely and voluntarily.

Date: \/\1/10

Debra L. Barnett
Assistant U.S. Attorney
301 N. Main, Suite 1200
Wichita, Kansas 67202
316-269-6481
Ks.S.Ct. #12729

Date: 1/11/10

David Lind
Criminal Supervisor

Date: 1/14/10

Tyrone Andrews
Defendant

Date: 1/14/10

Lee Woodard
Attorney for Defendant Andrews
257 N. Broadway, Suite 300
Wichita, Kansas 67202
316-263-4958
Ks.S.Ct.#05936

23