IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-10221-02-MLB |
| | ) | |
| TYRONE L. ANDREWS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR PRELIMINARY FORFEITURE ORDER
AND RESPONSE TO DEFENDANT'S MEMORANDUM ON FORFEITURE ISSUES**

COMES NOW the United States by and through Debra L. Barnett, Assistant United States Attorney, and moves the Court to enter a Preliminary Forfeiture Order forfeiting the property identified in the Forfeiture Allegation of the Third Superseding Indictment, and also makes its response to defendant's Memorandum on Forfeiture Issues. In support of this motion, the United States submits the following:

I.  NATURE OF THE CASE

1.  In the Third Superseding Indictment (Doc. 595) the United States gave notice to the defendant that in the event of his conviction he would be required to forfeit certain property to the United States. In the Forfeiture Allegation, the United States alleged forfeiture of all property derived from proceeds of the offenses and all property used or intended to be used to facilitate the offenses that were charged in the Third Superseding Indictment. This Forfeiture Allegation also gave notice that the United States would seek a forfeiture money judgment against the defendant in the amount of the total proceeds from the offenses committed by defendant.

2.  On January 14, 2010, the defendant pled guilty to the following offenses which carry the listed penalties:

    A.  Count 1, charging a violation of Title 21, United States Code, Section

846, that is, conspiracy to distribute five kilograms or more of a substance or mixture containing a detectable amount of cocaine, a controlled substance. The mandatory minimum sentence which shall be imposed as to Count 1 to which the defendant has agreed to plead guilty is not less than 10 years, nor more than life imprisonment, a fine not to exceed $4,000,000.00, five years of supervised release, no restitution and a $100.00 mandatory special assessment.

      B.  Counts 7-9, 11-17, 19-20, 22-24, 26-31, 33-35, 37-42, 44-49, 51-52, 54-55, 57-58, 60-61, 63-66, 68-71, 73-77, 79-85, charging violations of Title 21, United States Code, Section 843(b), that is, use of a communications device to distribute or conspire to distribute controlled substances. The maximum sentence which may be imposed as to these counts to which the defendant has agreed to plead guilty is not more than four years of imprisonment, not more than a $250,000.00 fine, three years of supervised release, no restitution and a $100.00 mandatory special assessment per count of conviction.

      C.  Counts 3, 5, 10, 18, 21, 25, 32, 36, 43, 50, 53, 56, 59, 62, 67, 72 and 78, charging violations of Title 21, United States Code, Section 841(a), that is, distribution of controlled substances. The maximum sentence which may be imposed as to these counts to which the defendant has agreed to plead guilty is not more than 20 years of imprisonment, not more than a $1,000,000.00 fine, three years of supervised release, no restitution and a $100.00 mandatory special assessment per count of conviction.

      D.  Counts 4 and 6 charging a violation of Title 21, United States Code, Section 841(a), that is, distribution of a controlled substance. The mandatory minimum sentence which shall be imposed as to Counts 4 and 6 to which the defendant has agreed to plead guilty is not less than 5 years, nor more than 40 years imprisonment, a fine not to exceed $2,000,000.00, four years of supervised release, no restitution and a $100.00 mandatory special assessment per count of conviction.

      E.  Count 86 charging a violation of Title 21, United States Code, Section 841(a), that is, possession with intent to distribute controlled substances. The mandatory minimum sentence which shall be imposed as to Count 86 to which the defendant has agreed to plead guilty is not less than 10 years, nor more than life imprisonment, not more than a $4,000,000.00 fine, five years of supervised release, no restitution and a $100.00 mandatory special assessment.

      F.  Count 88 charging a violation of Title 21, United States Code, Section 856, that is, maintaining a house for the purpose of distributing controlled substances. The maximum sentence which may be imposed as to Count 88 to which the defendant has agreed to plead guilty is not more than 20 years imprisonment, not more than a $500,000.00 fine, three years supervised release, no restitution and a $100.00 mandatory special assessment.

II.    PROCEDURAL FORFEITURE LAW

3. Rule 32.2(b)(1), Federal Rules of Criminal Procedure, provides that as soon as practicable after entering a guilty verdict on any count in an indictment for which forfeiture is sought, the Court must determine what property is subject to forfeiture. If forfeiture of specific property is sought, the Court shall determine whether the government has established the requisite nexus between the property and the offense. If the United States seeks a personal money judgment, the Court must determine the amount of money that the defendant will be ordered to pay.

4. To determine the forfeiture issues, the Court may rely on evidence already in the record, "including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt." United States v. Capoccia, 503 F.3d 103, 109 (2d Cir.2007). The United States has the burden of proof to establish the forfeitability of property by a preponderance of the evidence. U.S. v. Nicolo, 597 F. Supp.2d 342, 345 (W.D. New York 2009). In this case, a detailed factual basis was included as part of the plea agreement. In this factual basis, the defendant acknowledged and agreed that he had committed the specific acts alleged. In addition to the specifics in the Plea Agreement, the United States intends to present evidence at the sentencing hearing that provides support for the requested money judgment and the forfeiture of property as substitute assets.

III.  SUBSTANTIVE FORFEITURE LAW

5. The authority for forfeiture arising from defendant's drug trafficking convictions is 21 U.S.C. § 853 which states in pertinent part:

(a)  **Property subject to criminal forfeiture.**

Any person convicted of a violation of this subchapter . . . shall forfeit to the United States, irrespective of any provision of State law –

(1)  any property constituting or derived from, any proceeds the person

>
> obtained, directly or indirectly, as the result of such violation;
>
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. . . .

Accordingly, the property which the United States demonstrates by a preponderance of the evidence constitutes or is derived from proceeds traceable to defendant's convictions for the convictions listed above, and/or was used or intended to be used to facilitate these convictions is forfeitable to the United States pursuant to 21 U.S.C. §853.

6. In addition to the forfeiture of specific property acquired with the drug proceeds or used to facilitate the drug offenses, the United States is entitled to a forfeiture money judgment for the entire amount of proceeds derived from the defendant's drug trafficking convictions. *United States v. Casey*, 444 F.3d 1071, 1074-1076 (9th Cir. 2006) (because forfeiture is mandatory, a defendant who has already spent the proceeds of his drug offense must pay a money judgment; otherwise he will have been allowed to enjoy the fruits of his crime, which would be inconsistent with the remedial purpose of the statute.); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (the district court may order the defendant to forfeit a sum of money equal to the drug proceeds earned but not retained, and is the only way to truly separate the wrongdoer from the fruits of his crime once he has spent them on "wine, women and song"); *United States v. Chavez*, 323 F.3d 1216, 1218 (9th Cir. 2003) (noting without discussion that defendant was ordered to pay money judgment and that substitute assets were forfeited to satisfy it).

7. The amount of the money judgment can be determined by calculating the amount and value of the drugs sold by the defendant for each count of conviction. *See, United States v. Pierre*, 484 F.3d 75, 86 (1st Cir. 2007) (evidence that the defendant sold $3,000 worth of drugs per week for more than three years was sufficient to support a $500,000 money judgment); *United States v. Odom,* 2007 WL 2433957, at *7 (S.D. Miss. 2007) (the United States established the amount of

4

money judgment by multiplying the number of kilos of cocaine the defendant admitted to distributing by the estimated street value of the cocaine).

8.     The amount of the money judgment is based on gross proceeds rather than net proceeds or profits.  *United States v. Keeling*, 235 F.3d 533, 537 (10th Cir. 2000); *United States v. Bucci*, 582 F.3d 108, 122 (1st Cir. 2009).  In another words, the defendant does not get any credit for the costs incurred selling the drugs or the money he spent to purchase his cocaine inventory. Additionally, the forfeiture of drug proceeds is not constitutionally excessive.  *United States v. One Parcel Described As Lot 41, Berryhill Farm*, 128 F.3d 1386, 1395 (10th Cir. 1997).

III.    FORFEITURE MONEY JUDGMENT

9.     The United States seeks a money judgment against the defendant in the amount of $11,700,000.00.  This figure represents 650 kilos of cocaine at $18,000.00 a kilo.  The factual basis to which the defendant pled guilty supports this amount of a money judgment as the defendant acknowledged that he distributed five kilos a week for two and one half years.  The $18,000 per kilo figure is a conservative number based on defendant's drug trafficking conduct during the two and one half year period occurring prior to his arrest.  However, the United States would inform the Court that it knows for a fact that the defendant has been distributing drugs in our community since the mid-1990's.  The United States will present evidence about this during the sentencing hearing. This evidence further demonstrates that the United States is conservative and reasonable in its request for a money judgment in the amount of $11,700,000.00.

10.    Count 1 which is the conspiracy charge incorporates the total amount of cocaine distributed in all the other counts of conviction.  Accordingly, any money judgment imposed for Count 1would also incorporate any the money judgments that could be separately imposed for all

the other counts.  Thus to avoid double counting, the Court need only impose one money judgment, that being a judgment for Count 1.

IV.    FACILITATING PROPERTY

11    The United States also seeks forfeiture of that property which was used or intended to be used to facilitate the drug counts to which the defendant has pled guilty.  This property is as follows:

        a.    2003 Honda Accord, VIN: 1HGCM72253A007485;

        b.    one Tanfoglio brand, .45 caliber, semi-automatic handgun, with two magazines;

        c.    one Glock, model 19, semi-automatic handgun, with magazine and 11 bullets;

        d.    10 Winchester jacketed 9mm bullets and one Federal jacketed 9mm bullet; and

        e.    17  .45 caliber bullets, and 39 9mm bullets.

As demonstrated herein, since the property listed in paragraph 11 was used to facilitate Count 1, all of this property is subject to forfeiture pursuant to 21 U.S.C. 853(a)(2).

12.    Based upon the evidence heard by the Court during the defendant's plea hearing, the facts contained in the factual basis, and the evidence which will be presented at the sentencing hearing, the United States submits there is sufficient evidence for the Court to find that the United States has established by a preponderance of the evidence the requisite nexus between the property listed in the Forfeiture Allegations of the Third Superseding Indictment and the offenses for which the defendant has pled guilty.  Additionally, the United States has presented sufficient evidence

demonstrating the amount of proceeds derived from the offenses of conviction which would constitute the amount of the forfeiture money judgment to be imposed upon the defendant.

V.      RESPONSE TO DEFENDANT'S MEMORANDUM

13.     Should the Court make the findings as set out in this paragraph and impose a money judgment in the amount of $11,700,000.00, the arguments made by defendant in his Memorandum (Doc. 674) become moot.  The defendant contends that the real property and cars listed in the Memorandum were purchased with money derived from defendant's legitimate employment or by Ebony Henry.  However, once a money judgment is imposed, the United States will seek to satisfy the judgment using all known assets of the defendant.  When satisfying a judgment, it is irrelevant how the property was acquired, because that will not stop execution against it.  Further, since defendant does not have the means to satisfy the judgment, meaning that the drug proceeds are no longer available, the United States will also seek forfeiture of substitute assets pursuant to 21U.S.C. § 853(p).  Similarly, when forfeiting property as substitute assets, it is irrelevant how the property was acquired.  In other words, even if property is purchased with legitimate assets this will not preclude forfeiture under the defendant's theory.

14.     Rule 32.2 (b)(2) requires that when the Court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment and/or directing the forfeiture of specific property, without regard to any third party's interest.  Third party interests are deferred until a third party files a claim in the ancillary proceeding.

15.     Upon the entry of the requested Preliminary Order of Forfeiture, the United States will proceed to give notice to any third parties who may have an interest in the specific property, and

7

after determination of said interests, dispose of the property according to law. In this case, the forfeited property would be liquidated and applied towards satisfaction of the $11,700,000.00 forfeiture money judgment.

16.     Pursuant to Rule 32.2 (b)(3), the United States requests that such preliminary forfeiture order permit the seizure of any of the property that is not already in the United States' custody, whether held by the defendant or a third party, and to undertake whatever discovery is necessary to identify or locate such property. Should no third party claims be filed after proper notice, the government will then seek a final order of forfeiture.

17.     In addition, the United States would request that this Court impose an order prohibiting the defendant from disposing of any assets, money or property.

WHEREFORE, for the reasons stated above, the United States respectfully requests that the Court enter a Preliminary Order of Forfeiture determining the amounts of proceeds obtained from the counts of conviction, imposing a forfeiture money judgment against the defendant in the amount of $11,700,000.00, forfeiting the property identified in paragraph 11, and allowing the United States to seize and maintain custody of the forfeited property pending an ancillary hearing should any third party claims be filed, and thereafter to liquidate the forfeited property and apply the net proceeds to the forfeiture judgment.

Respectfully Submitted,

LANNY D. WELCH
United States Attorney

/s/ Debra L. Barnett
 DEBRA L. BARNETT #12729
Assistant United States Attorney
301 N. Main, Suite 1200
Wichita, Kansas 67202

316-269-6481
[debra.barnett@usdoj.gov](mailto:debra.barnett@usdoj.gov)

**CERTIFICATE OF SERVICE**

This is to certify that on June 21, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the attorneys of record.

           s/ Debra L. Barnett
DEBRA L. BARNETT
Assistant United States Attorney