IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                               Case No. 07-10221-2-JTM

TYRONE L. ANDREWS,

    Defendant.

MEMORANDUM AND ORDER

Defendant Tyrone Andrews pleaded guilty to 86 counts of drug trafficking and related offenses. He subsequently sought to vacate his sentence pursuant to 28 U.S.C. § 2255, but the Tenth Circuit found that Andrews had waived the right to collaterally attack his sentence in his plea agreement. *See United States v. Andrews*, 471 F. App'x 824, 829 (10th Cir. 2012). Recently, Andrews sought leave from the Tenth Circuit for permission to file a successive motion for relief. (Dkt. 1077). The Tenth Circuit denied the request on March 27, 2017. (Dkt. 1078).

The matter is now before the court on Andrews' "Motion to Void the Criminal Judgment." (Dkt. 1083). Seeking to avoid the bar against successive collateral attacks on his conviction, Andrew denominates his motion as an attack on the jurisdiction of the court

under Fed.R.Civ.Pr. 60(b). However, the actual arguments presented by Andrews during the course of his motion (for example, ineffective assistance of counsel, selective prosecution, misconduct by the prosecutor and by the court) reflect arguments which are properly presented by a motion under § 2255.

"[P]etitioners cannot circumvent the statutory certification requirements applicable to second-or-successive applications by filing pleadings that are labeled as motions under Rule 60(b), but are habeas corpus petitions in substance." *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir.2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)). As a result, the court "look[s] at the relief sought, rather than a pleading's title or its form, to determine whether it is a second-or-successive collateral attack on a defendant's conviction. *Id.* (citing *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir.2006)).

"[A] motion alleging fraud on the court in a federal habeas proceeding constitutes a true 60(b) motion," while "a motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction." *Id.* (citations omitted). Thus, "[a] prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction." *Id.*

Here, Andrew's motion cannot be construed as anything but a successive § 2255 petition. As noted earlier, the motion merely asserts various attacks on his underlying criminal proceeding, and thus qualifies as a successive § 2255 petition.

2

Because this successive claim under § 2255 was filed without the requisite authorization from the Tenth Circuit, the Court should determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir.2008). In determining whether to dismiss or transfer the matter in the interest of justice, the court looks to factors such as whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction. *Id.* at 1252-53. A successive § 2255 motion requires newly discovered evidence of a clear and convincing nature demonstrating that no rational factfinder would have convicted the defendant, or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255 (h).

Andrews' motion does not meet either of the two conditions required for a successive § 2255 petition. The motion fails to cite any newly discovered evidence or reference any new rule of constitutional law. The court concludes that it is not in the interest of justice to transfer the matter to the Tenth Circuit and so dismisses the successive § 2255 claim for lack of jurisdiction.

IT IS SO ORDERED this 9th day of June, 2017, that the motion of the defendant-petitioner (Dkt. 1083) is hereby dismissed.

s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE