IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                             Case No. 07-10221-02-JTM

TYRONE L. ANDREWS,

    Defendant.

MEMORANDUM AND ORDER

The court adopts and incorporates its Order of June 9, 2017 (Dkt. 1084), which determined that defendant's previous Fed.R.Civ.Pr. Rule 60(b) was in reality a request for relief under 28 U.S.C. § 2255, and thus barred by the rule against second or successive § 2255 motions without prior leave. The conclusions in that Order are equally true with respect to the defendant's motion filed July 19, 2017, (Dkt. 1089), which argues, among other things, that 18 U.S.C. § 3231 (which authorizes district court jurisdiction over federal criminal actions) is unconstitutional, and that the judge previously assigned to the action had not been properly appointed.

> [P]etitioners cannot circumvent the statutory certification requirements applicable to second-or-successive applications by filing pleadings that are labeled as motions under Rule 60(b), but are habeas corpus petitions in substance. See *Gonzalez* [*v. Crosby*], 545 U.S. [524,] 531-32 [(2005)]. Applying that reasoning, we look at the relief sought, rather than a pleading's title or

> its form, to determine whether it is a second-or-successive collateral attack on a defendant's conviction. See [*United States v.*] *Nelson*, 465 F.3d [1145,] 1149 [(10th Cir. 2006)] (noting that "[t]he reasoning of *Gonzalez* does not depend on which rule the prisoner invokes" (quotation omitted)).... "[T]o allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." *Id.*; *see also Melton v. United States*, 359 F.3d 855, 857 (7th Cir.2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–of–Jail Card; the name makes no difference. It is substance that controls.").

*United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013).

Here, all of the fraud-on-the-court arguments advanced by the defendant in his latest motion attack the validity of the underlying conviction. They are therefore barred by operation of § 2255(h). The court denies the motion and will issue no certificate of appealability.

Future motions by defendant which attack the validity of the underlying conviction may be resolved by summary order referencing this Order and the Order of June 9.

IT IS SO ORDERED this 24th day of July, 2017.

        s/ J Thomas Marten
    J. THOMAS MARTEN, JUDGE