IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.	Case No.  07-10221-2-JWB

TYRONE L. ANDREWS,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion for early termination of supervised release.  (Doc. 1124.)  The United States is opposed to the motion, as is the United States Probation Office.  The Federal Public Defender's Office has reviewed the file and informed the undersigned that it will not enter an appearance in this matter.

On July 7, 2010, Defendant was sentenced to 20 years imprisonment after pleading guilty to numerous counts relating to distribution of cocaine, including conspiracy to distribute 5 kilograms or more of cocaine and maintaining a drug involved premise.  (Doc. 680.)  The court also entered a forfeiture judgment in the amount of $150,000.  According to the government, the current balance is $116,614.67 and no payment arrangements have been made during supervision.  On October 11, 2012, Defendant's sentence was amended to 13 years imprisonment.  (Doc. 944.)  In September 2019, Defendant began serving a five-year term of supervised release.  The probation officer has informed the court that Defendant's supervised release is scheduled to expire on January 16, 2025.

1

During his supervision, Defendant has been compliant, maintained steady employment, and returned negative drug tests. Defendant asserts that his reentry into society has been successful and that early termination of his supervised release is warranted.

Under 28 U.S.C. § 3583(e), the court may terminate a defendant's supervised release after one year of supervision, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." *Id.* After considering the relevant factors in § 3553(a), the court concludes the motion to terminate supervision should be denied. The court commends Defendant's performance while on supervision. However, given Defendant's convictions, which involved a very large conspiracy to distribute cocaine (Doc. 670), the fact that he has not yet completed half of his supervision at this time, and all of the other relevant circumstances, the court believes Defendant would benefit from continued supervision.

Defendant's motion is denied without prejudice to refiling at a later date.

IT IS SO ORDERED. Dated this 7th day of September, 2021.

                                                                                                                                                                   s/ John W. Broomes
                                                                                                                                                                   JOHN W. BROOMES
                                                                                                                                                                   UNITED STATES DISTRICT JUDGE